[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BEFORE: THE HONORABLE SUSAN B. HANDY, JUDGE
Appearances:
For the Plaintiff: PAUL M. NGOBENI, ESQ.
For the Defendant: WILLIAM GAGNE, JR.
THE COURT: So, it's this court's opinion that the court does not have jurisdiction at this time. It lacks subject matter jurisdiction because the plaintiff has failed to exhaust her administrative remedies.
One of the things I said before you came into the room and I will repeat it, counsel, is when this issue is brought to the court's attention, the issue of jurisdiction, or the court CT Page 4405-C recognizes [recognizes] it — and I think that was the latter in this particular case, it was during the chambers conference yesterday when I was making inquiry of both counsel that I found out that there was a pending grievance and it was in arbitration — that the issue of jurisdiction was raised sua sponte by the court. The case law is clear when that issue is raised or recognized it must be addressed because the court can't proceed without jurisdiction.
I'm going to grant the motion to dismiss. The court does not have subject matter jurisdiction because the plaintiff has not met her exhaustion of administrative remedies. We're just not there yet. She certainly has a right to refile subsequent to whatever the outcome of the arbitration hearing is.
So I'm going to dismiss this case which will remove it from the trial list based on failure to exhaust your administrative remedies.
HANDY, J.